**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

GREGORY CLINE,                            )
                    Petitioner,           )
                                          )
          vs.                             )          CAUSE NO. 3:06-CV-396 PS
                                          )
WILLIAM WILSON,                           )
                    Respondent.           )

## OPINION AND ORDER

Gregory Cline, a *pro se* prisoner, seeks a writ of *habeas corpus* claiming that he was improperly docked sixty days of earned credit time by the Westville Disciplinary Hearing Board (DHB) for possessing an unauthorized substance. Cline raises three claims in his Petition [DE 1]. First, he argues that he was denied due process because he was not given certain evidence. (Pet. ¶ 11.A at 3.) Second, Cline argues that "[t]he superintendent after being advised that a confession was had relative to this charge failed to exonerate the innocent parties, of which I am one." (*Id.* ¶ 11.B at 3.) Third, Cline argues that there was insufficient evidence to find him guilty because the drug that he had – Seroquel – is not a controlled substance. (*Id.* ¶ 11.C at 3.)

To preserve a claim for collateral review under § 2254, a prisoner must present the relevant legal theory to the administrative body that rendered the decision as well as to the final reviewing authority. *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002). But Cline did not make the argument that he now makes – that he was denied evidence – to the final reviewing authority. In his administrative appeal, Cline stated:

> On March 27, 2006 I along with my roommates were found guilty of a code #112 conduct report. The finding of guilt by the CAB board was on the grounds that the unauthorized substance was found in a "common area" in our room. The "common area" was a heating vent on the wall, in which anyone could have had access to. Because nobody confessed to owning the property, it resulted in the board finding all 4 occupants of the room guilty of the conduct report. Since the

> date of that hearing the guilty party has submitted a letter of confession to the
> E.C. complex coordinator, Ms. Grott.  I ask at this time that my finding of guilt be
> overturned and all sanctions imposed in this case be reversed.

(Mem. in Supp. of Resp. to Order to Show Cause, Ex. H [DE 11-9] at 1.)  This argument does not allege that Cline sought to present evidence at his hearing, but was denied the opportunity to do so.  Though the confession of the other inmate could have been useful during his hearing, Cline clearly states that the confession did not occur until after the hearing.  Cline has presented nothing indicating that he requested facts or witnesses that he was denied. Indeed, the record shows that he obtained three witness statements.  (*See id.* Ex. E1-3 [DE 11-6].)  Therefore, because Cline did not present his first claim during his administrative appeal, he may not raise it here for the first time.

In Claim 2, Cline argues that the Superintendent should have overturned the finding of guilt because of the subsequent confession of another inmate.  But *habeas corpus* relief is not available for errors during a State administrative appeal.  Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires several rights related to the disciplinary hearing itself, *Wolff* does not provide for any procedural rights on appeal, nor even for a right to appeal.  And courts are not to add to the procedures required by *Wolff*.  *Baxter v. Palmigiano*, 425 U.S. 308 (1976); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001).  Therefore, *habeas* relief is not available even if it was error for the reviewing authority to have not vacated the finding of guilt.

Cline also argues that there was insufficient evidence to find him guilty.  But he faces a high hurdle to clear because all there has to be is "some evidence" to sustain the finding of guilt. *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).  Cline admits that the substance was found in the vent of his room, a common

area to which he had access.  This alone is sufficient to find that there is some evidence of his

guilt.  *See Hill*, 472 U.S. at 456-57 (disciplinary action supported when inmate was one of three

seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him);

*Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled

by four inmates created twenty-five percent chance of guilt supporting disciplinary action);

*Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when

contraband was found in locker shared by two inmates).

Even if the confession of a fellow inmate had been introduced at the hearing and

believed, the claimed ownership by the other inmate would not negate the possibility that Cline

also shared possession of the substance, perhaps without the knowledge of the other offender.

"The Federal Constitution does not require evidence that logically precludes any conclusion but

the one reached by the disciplinary board."  *Hill*, 472 U.S. at 457.

Cline's final point as to the sufficiency of the evidence is that Seroquel is not a controlled

substance and so he should have been found not guilty as a result.  Seroquel is a prescription

medication for mental illness.  Cline was found guilty of possessing an *unauthorized* substance,

not a *controlled* substance.  Therefore it is irrelevant whether Seroquel was a controlled

substance.

For the foregoing reasons, the *habeas corpus* petition is **DENIED**.

**SO ORDERED**.
ENTERED: February 27, 2008

s/ Philip P. Simon
Philip P. Simon, Judge
United States District Court